UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAO CHUN CHEN, <br><br> Petitioner, <br><br> v. <br><br> A. NEIL CLARK, Field Office Director, <br> U.S. Immigration and Customs Enforcement, <br><br> Respondent. | CASE NO. C08-1673-JLR-JPD <br><br> REPORT AND RECOMMENDATION |

On November 17, 2008, petitioner Bao Chun Chen, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement. (Dkt. 6). Accordingly, the Court issued an Order directing respondent to file a Return to the habeas petition within thirty days of service. (Dkt. 7). On January 7, 2009, however, respondent filed a response to the habeas petition along with documentation indicating that petitioner was removed to China on December 30, 2008, and that petitioner's habeas petition has become moot and should be dismissed. (Dkt. 11).

The Court agrees with respondent that petitioner's habeas petition is moot and should be dismissed. For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner has been

REPORT AND RECOMMENDATION

removed and is no longer detained by ICE, the Court finds that petitioner's request for release from detention should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 8th day of January, 2009.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION